IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-192-BO

APRIL JACKSON and ANTHONY FULLER, )
)
    Plaintiffs, )
)
v. )    O R D E R
)
REX HOSPITAL, INC., )
)
    Defendant. )

This matter comes before the court on plaintiffs' motion to amend the complaint [DE 23],

defendant's motion to dismiss for failure to state a claim [DE 12], and defendant's motion to stay

discovery [DE 15]. Defendant has responded in opposition to the motion to amend the complaint

[DE 25] and plaintiffs have responded in opposition to the motion to stay discovery [DE 21] and

motion to dismiss for failure to state a claim [DE 20]. This Court held a hearing on the motion to

dismiss on October 8, 2020 at 2:30 p.m. in Greenville, North Carolina. For good cause shown,

plaintiffs' motion is GRANTED. Defendant's motion to dismiss is GRANTED in part and

DENIED in part. Defendant's motion to stay discovery is DENIED as moot.

BACKGROUND

Plaintiffs April Jackson and Anthony Fuller filed this employment discrimination action

on the basis of race, retaliation, and hostile work environment claims arising under Title VII of

the civil Rights Act of 1964, 42 U.S.C. § 2000(2), *et seq.* Compl. ¶ 1. Specifically, plaintiff

brings claims of discrimination in violation of Title VII; retaliation; hostile work environment;

and negligent hiring, retention, and supervision. On January 3, 2017, defendant hired Plaintiff

Jackson to work in defendant's homecare department. *Id.* ¶ 22. She worked as a

scheduling/customer service representative from January 3, 2017 to March 25, 2017, and a patient account specialist from March 25, 2017 to February 20, 2020. *Id.* ¶¶ 23–24. Since February 20, 2020, she has worked in another department with defendant. *Id.* ¶ 25. From May 21, 2007 to April 4, 2010, plaintiff worked for defendant as a nutrition assistant. *Id.* ¶¶ 26–27. He served as a nutrition assistant from April 4, 2010 to May 12, 2013, and he has served as a delivery technician in defendant's homecare department since May 12, 2013. *Id.* ¶¶ 28–29. Both plaintiffs were supervised by Barbara Knott and Leroy Guay. *Id.* ¶ 29.

Plaintiffs allege that defendant oversaw and enabled a system of racial discrimination in its homecare department that resulted in African-Americans being regularly passed over for management positions in favor of less-qualified White candidates. *Id.* ¶ 32. Plaintiff Fuller, who had a Bachelor of Science degree and an associate degree as well as seventeen years of management experience, applied for a promotion to become manager of defendant's homecare distribution center. *Id.* ¶¶ 33–34. Plaintiff Fuller was interviewed by Knott and Guay as part of the application process, but defendant ultimately selected Thomas Shaw, a White candidate, for the position. *Id.* ¶¶ 35–36. Shaw allegedly lacked both higher education and previous management experience, and plaintiff Fuller was assigned to train Shaw on various aspects of the position. *Id.* ¶¶ 37–38. Shaw's previous position was given to a White candidate instead of at least three African-American candidates who sought the position, all of whom allegedly had significantly more relevant experience than the candidate ultimately chosen. *Id.* ¶ 39. Plaintiff Fuller complained to his supervisors and defendant's human resources department about his concerns regarding racially discriminatory conduct multiple times between January 2019 and April 2019, and on April 10, 2019 he organized a meeting with Knott and five other homecare employees to discuss his concerns about defendant's hiring practices. *Id.* ¶¶ 40–41. Plaintiff

2

Fuller subsequently applied for nine other positions with defendant over the next thirteen months, but he was rejected each time. *Id.* ¶¶ 42–43.

Plaintiff Jackson applied on September 19, 2019 for the role of team lead, a position whose search was overseen by Guay. *Id.* ¶ 44–45. During her interview for the position, she was told that the position was created and being held open for Jenna Panza, a White co-worker plaintiff Jackson had trained for her current position, and that plaintiff Jackson's interview was only a courtesy, *id.* ¶ 46, even though she met all of the mandatory job requirements, Am. Compl. ¶ 85. Defendant did, in fact, hire Panza, who had less experience and fewer qualifications than plaintiff Jackson. Compl. ¶ 47. Plaintiff Jackson subsequently complained of defendant's racially discriminatory hiring practices to Knott, and she and other African-American employees expressed their concerns regarding the hiring of Panza over plaintiff Jackson at a mandatory staff meeting on October 10, 2019. Amd. Compl. ¶¶ 90–92. On October 16, 2019, plaintiff Jackson was assaulted by one of her White supervisors, Carolyn Orienz while working for defendant. *Id.* ¶ 94. She immediately reported the assault to the police and made reports with defendant's human resources department on both October 16, 2019 and October 20, 2019, but defendant never investigated the complaint or took remedial action in response. Compl. ¶¶ 49 – 50, 53. Plaintiff Jackson alleges that this failure to investigate or act was because of her race and/or in retaliation for her complaints regarding her rejection for the team lead position, *id.* ¶ 54, and that exhibited unequal enforcement of its employment policies based on race, Am. Compl. ¶ 106.

## Amend the Complaint

Federal Rule of Civil Procedure 15(a) requires that leave to amend should be "freely given" by the Court when "justice so requires." Fed. R. Civ. P. 15(a). After reviewing the instant motion. the Court finds that justice requires that plaintiffs' motion be granted. The clerk is directed to file the amended complaint. Defendant shall have fourteen days from the date the second amended complaint is filed to answer or otherwise plead.

## Dismiss

At the hearing held on October 8, 2020, the parties addressed the allegations plaintiff intended to add in an amended complaint. if allowed. Therefore, the Court considers these arguments in its analysis of the motion to dismiss. Defendant filed the instant motion to dismiss for failure to state a claim on July 13, 2020.

To survive a motion to dismiss. a complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) In other words. the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences. unreasonable conclusions. or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6). "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs.. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

4

First, defendant argues that plaintiff Fuller's claim regarding the September 2018 manager position is time-barred. Although the defense of statute of limitations is an affirmative defense, it "may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). It is well settled that "[c]laimants under the ADA must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory practice." *J.S. ex rel. Duck v. Isle of Wight Cnty. Sch. Bd.*, 402 F.3d 468, 475 n.12 (4th Cir. 2005) (citing 42 U.S.C. §§ 2000e-5(e)(1), 12117(a)). "When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court. This filing requirement acts as a 180-day statute of limitations . . . ." *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) (citations omitted). Here, plaintiff Fuller filed his EEOC charge on October 29, 2019. This was brought far in excess of 180 days following Shaw's hiring. Additionally, plaintiff claims that he applied and was rejected for nine other positions with defendant. The application dates for four of these positions occurred outside of the 180-day EEOC window. Therefore, plaintiffs' claims regarding the September 2018 manager position and his claims for the positions he applied for on November 17, 2018; November 22, 2018; January 21, 2019; and March 22, 2019 are time-barred and must be dismissed.

Second, defendant argues that plaintiffs Fuller and Jackson do not plead a plausible claim for discrimination regarding the other positions to which he applied. In order to state a claim for discrimination under Title VII alleging discriminatory failure to promote on account of her race, plaintiff must allege (1) that she is a member of a protected class; (2) that her employer had an open position for which she applied; (3) that she was qualified for the position; and (4) that she

5

was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Taylor v. Va. Union Univ.*, 193 F.3d 219, 230 (4th Cir. 1999) (en banc).

This Court finds that Plaintiff Fuller has satisfied all of the requirements to establish a failure to promote claim. Plaintiff Fuller is African-American. Am. Compl. ¶ 10. In the amended complaint, plaintiff Fuller alleges that, despite meeting or exceeding all of the required qualifications in each case, he applied and was rejected for the position of senior recruiter with defendant on June 8, 2019; the position of recruiting specialist on June 8, 2019; the position of HCS recruiter on July 15, 2019; the position of HCS director on September 23, 2019; and the position of manager of the HCS distribution center on October 2, 2019. *Id.* ¶¶ 53–67. Plaintiff Fuller claims that he had relevant qualifications for the positions he applied for, as he had seventeen years of management experience when he first started applying for promotions as well as a Bachelor of Science degree and an associate degree. *Id.* ¶ 34. Similarly, plaintiff Jackson alleges that not only did she meet the mandatory job requirements for the position she applied for, but she also trained the individual that was selected and had more experience and qualifications than that individual. *Id.* ¶¶ 85, 87. Plaintiff Fuller also alleges that he consistently complained to his supervisors throughout the period of September 2018 and April 2019, which overlaps with the period in which he was applying for promotions. *Id.* ¶¶ 68–71, 74–75, 80. These allegations are enough to support a plausible inference of race discrimination. *See Parker v. Craven Cty.*, No. 4:19-CV-35-BO, 2019 U.S. Dist. LEXIS 110351, at *7–8 (E.D.N.C. July 2, 2019) (finding that plaintiff alleged sufficient facts to generate a plausible inference of race or age discrimination when she adequately alleged extensive qualifications that surpassed those of the individual ultimately hired for the position); *O'Neal v. Harrison*, No. 5:14-CV-198-FL, 2015 U.S. Dist. LEXIS 30582 (E.D.N.C. Feb. 13, 2015) (finding that when plaintiff had recently complained about

6

racial discrimination, it was reasonable to infer that there was racial discrimination in the hiring process).

Third, defendants argue that plaintiff Fuller fails to state a claim for retaliation. In order to state a *prima facie* claim for retaliation under Title VII, plaintiff must show (1) that he engaged in protected activity, (2) that defendant took an adverse action against him that a reasonable employee would find materially adverse, and (3) that defendant took the materially adverse employment action because of the protected activity. *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 656 (4th Cir. 1998). The Fourth Circuit has held that "very little evidence of a causal connection is required to establish a prima facie case" and "merely the closeness is time between the filing of a discrimination charge and an employer's firing an employee is sufficient to satisfy the causation element of a *prima facie* retaliation case." *Tinsley v. First Union Nat. Bank*, 155 F.3d 435, 443 (4th Cir. 1998).

Here, plaintiff Fuller has satisfied those elements. He shows he has engaged in protected activity because he repeatedly complained to defendant's human resources department of supposedly racially discriminatory conduct between September 2018 and April 10, 2019. Am. Compl. ¶ 68. This included a meeting that plaintiff organized with a supervisor, Knott, and five other homecare department employees. *Id.* ¶ 80. Furthermore, plaintiff Fuller meets the second requirement by claiming that defendant denied his applications for promotion, which defendant allegedly did five times within the scope of the EEOC charge. Finally, plaintiff Fuller has sufficiently asserted that defendant retaliated against plaintiff Fuller because of his repeated complaints of racial discrimination. *Id.* ¶ 82. The eight-month period during which plaintiff Fuller complained about defendant overlapped with the period during which plaintiff Fuller was applying for promotions, and his applications for nine different promotions were denied following his initial

7

complaint during a meeting with defendant's vice-president of ambulatory and support services. *Id.* ¶¶ 40, 69. The closeness in time between the complaints and rejections here is sufficient to meet the third element of retaliation. *See Williams v. Cerberonics, Inc.*, 871 F.2d 452 (4th Cir. 1989) (holding that a three-month time period between the protected activity and retaliation was sufficient to satisfy the causation element of the *prima facie* case of retaliation.).

Fourth, defendants argue that plaintiff Jackson fails to state a claim for retaliation because she failed to exhaust her administrative remedies, does not allege any protected activity, and does not allege an adverse action. An individual alleging discrimination in violation of Title VII must first file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within a certain time of the alleged unlawful act. 42 U.S.C. § 2000e-5(e)(1). A charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). An individual cannot bring suit until he has exhausted the administrative process. 42 U.S.C. § 2000e-5(b), (f)(1); *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 132 (4th Cir. 2001); 29 C.F.R. § 1601.28. In the Fourth Circuit, "[t]he scope of the Plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.* (quotation omitted). When a plaintiff's complaint includes claims that "are broader than 'the allegation of a discrete act or acts in [the] administrative charge,' they are procedurally barred." *Parker v. Reema Consulting Services, Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508–10 (4th Cir. 2005)).

8

Here, plaintiff Jackson filed an EEOC charge of discrimination on October 21, 2019. In that charge, she not only neglects to check the box for retaliation, but she never mentions retaliation in the charge. She does not mention the alleged sexual assault, which forms the basis for her retaliation claim, even though she claims it occurred on October 16, 2019, five days before she filed the charge. Am. Compl. ¶ 94. Instead, she specifically states that the earliest date of discrimination was September 25, 2019 and that the latest date of discrimination was also September 25, 2019, which is around the time plaintiff Jackson was allegedly passed over for a promotion and almost a month earlier than the date that plaintiff Jackson was allegedly assaulted. Therefore, plaintiff Jackson's retaliation claim is outside the scope of the EEOC claim and must be dismissed.

Fifth, defendants argue that plaintiffs Fuller and Jackson fail to state a plausible hostile work environment claim because they failed to exhaust their administrative remedies and include no allegations of hostile work environment in their complaint. To state a claim for hostile work environment harassment based on race, plaintiffs must demonstrate: (1) unwelcome harassment, (2) based on race, (3) which is sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere, and (4) a basis for imputing liability to the employer. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207–08 (4th Cir. 2019). Defendant claims that plaintiffs' EEOC charges are devoid of allegations sufficient to support hostile environment claim, and the Court therefore must dismiss the hostile work environment claim for failure to exhaust administrative remedies.

This Court agrees. Neither plaintiff raised allegations of hostile environment harassment in their EEOC charges, but rather solely made claims regarding discriminatory hiring practices and, in Fuller's charge, retaliation. These acts of discrimination are not allegations of a hostile

9

work environment. *Chacko v. Patuxent Inst.*, 429 F.3d 505, n. 2 (4th Cir. 2005) ("Plaintiff's administrative charges also alleged two other discrete acts of discrimination, failure to promote and retaliatory demotion. But these claims of discrimination are clearly not allegations of a hostile work environment."). Therefore, plaintiffs' hostile work environment must be dismissed because plaintiffs did not file a charge of discrimination with such allegations with the EEOC before pursuing claims with the Court. *Bryant*, 288 F.3d at 132.

Finally, defendants argue that plaintiffs Fuller and Jackson fail to state a plausible negligent hiring, retention, and supervision claim. Under North Carolina law, in order to establish such a claim, plaintiffs must show: (1) a specific tortious act by the employee, (2) incompetency of an employee by inherent unfitness or previous specific acts of negligence from which incompetency may be inferred, (3) the employer's actual or constructive notice of the employee's incompetency or unfitness, and (4) injury resulting from the employee's incompetency or unfitness. *Medlin v. Bass*, 327 N.C. 587, 591 (1990).

Plaintiffs' negligent hiring, retention, and supervision claim must be dismissed because the complaint does not contain any underlying cause of action grounded in tort. Plaintiffs' claims are predicated on violations of Title VII, specifically "allegations to support that racial discrimination is so pervasive in this workplace." [DE 20, pp. 7–8]. Title VII claims are statutory claims, rather than intentional or negligent tortious acts, and are insufficient to support a negligent hiring, retention, and supervision claim. *See Jackson v. FKI Logistics*, 608 F. Supp. 2d 705 (E.D.N.C. 2009) ("dismissing claim for negligent retention and supervision because "the alleged violations of Title VIII . . . are not common-law torts"). Plaintiffs argue in their reply to defendant's motion to dismiss that plaintiff Jackson brings allegations of assault, but this is insufficient to support plaintiffs' claim because the complaint alleges that Oriez engaged in the tortious behavior of

10

assault, not Knott or Guay, the employees plaintiffs allege are incompetent for the purposes of the negligent hiring, retention, and supervision claim. Am. Compl. ¶ 94. Therefore, plaintiffs' claim of negligent hiring, retention, and supervision must be dismissed.

## CONCLUSION

Plaintiffs' motion to amend complaint is hereby GRANTED [DE 23]. Defendant's motion to dismiss is GRANTED in part and DENIED in part [DE 12] and defendant's motion to stay discovery is DENIED [DE 15] as moot. The clerk is DIRECTED to enter the Clerk's Office order for discovery plan and the amended complaint.

SO ORDERED, this ___ 4 ___ day of November, 2020.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE